**Daryl Clifford BENSON, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C7–86–1191.

Court of Appeals of Minnesota.

Dec. 30, 1986.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., SEDGWICK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from the district court's order sustaining the revocation of Daryl Clifford Benson's driver's license. Benson claims that the court erred in rejecting his argument that his refusal to provide a valid breath sample was reasonable due to his physical inability. We affirm.

## FACTS

On March 27, 1986, Officer Lynn R. Johnson of the Mankato City Police Department observed a pickup truck weaving in the road. The pickup crossed over the center line into the oncoming lane several times. Johnson stopped the truck and identified Daryl Clifford Benson as the driver. Johnson observed that Benson's speech was slurred and had a strong odor of alcohol.

Johnson asked Benson to perform a field sobriety test. Benson was unable to do so and was placed under arrest for DWI. The implied consent advisory was read to Benson, and he agreed to take a breath test. Benson was taken to the Law Enforcement Center for the breath test.

Johnson, a certified Intoxilyzer operator, attempted to administer the test to appellant. Benson blew into the machine once with enough force to start the tone. Upon hearing the tone, Benson stopped blowing. Several attempts to blow were inadequate as Benson blew around the mouthpiece into his hand. After several attempts, Benson

stated either that he would not or could not continue the test. Johnson told Benson that he would be charged with refusing to take the test. Johnson did not offer Benson an alternative test.

At the implied consent hearing, Benson asserted as an affirmative defense that his back problems and lung infection caused a physical inability to adequately provide a breath sample. The trial court found otherwise. He further asserted that he should have been given an alternative test by the police. The revocation of Benson's driver's license was sustained, and Benson appeals.

## ISSUE

Was the trial court clearly erroneous in concluding that appellant's lung and back problems did not prevent him from providing an adequate sample for testing?

## ANALYSIS

The trial court determined that Benson failed to prove the reasonableness of his refusal to provide an adequate breath sample was because of his physical condition. It found:

[C]onsidering his physical condition as a result of intoxication, and his initial abili-

ty to properly blow into the intoxilyzer mouthpiece, albeit briefly, [Benson's] assertion that he was unable to give a breath sample because of the condition of his back and his lung infection is unpersuasive to a preponderance of the evidence * * *.

In a memorandum accompanying its order, the court made the further finding that appellant's "intoxication was the prime factor that caused [his] difficulties."

On review, factual findings are not set aside unless they are clearly erroneous. The trial court's findings here are supported by the record and are not clearly erroneous. *State, Department of Highways v. Beckey*, 291 Minn. 483, 487, 192 N.W.2d 441, 445 (1971).

## DECISION

The order of the trial court is affirmed.